UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SAM CATRABONE,  )<br>  )<br>    Petitioner,  )<br>v.  )   No. 1:13-cv-584-TWP-MJD<br>  )<br>SUPERINTENDENT,  )<br>  )<br>    Respondent.  ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

This matter is before the Court on Petitioner Sam Catrabone, ("Mr. Catrabone") petition for writ of habeas corpus. Having considered the petition and supplement in this action, the Court concludes that his petition for a writ of habeas corpus must be **denied.**

**A.**

Mr. Catrabone was convicted in Hamilton County of murder and criminal confinement. He now challenges his convictions through his petition for a writ of habeas corpus.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

**B.**

The facts pertinent to the computation of the statute of limitations are the following:

- The decision in Mr. Catrabone's direct appeal was issued on March 24, 1986.

- Mr. Catrabone filed a petition for state post-conviction relief. That post-conviction action remained pending in the trial court until December 9, 1996.

- Mr. Catrabone filed an appeal from the denial of his petition for post-conviction relief. His post-conviction appeal was dismissed with prejudice on February 24, 1998.

- On May 2, 2012, Mr. Catrabone filed a request for authorization to file a successive petition for post-conviction relief. This request was denied on June 22, 2012.

- Mr. Catrabone signed his petition for a writ of habeas corpus on April 4, 2013. That petition was filed with the clerk on April 8, 2013.

### C.

The legal significance of the foregoing facts is the following:

- Mr. Catrabone's conviction was "final" for purposes of the AEDPA on June 22, 1986, when the time for seeking certiorari on direct review had expired. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- Although Mr. Catrabone does not indicate when his petition for post-conviction relief was filed, Mr. Catrabone's petition for post-conviction relief was denied on December 9, 1996. The running of the statute of limitations at the very latest, began to run on February 24, 1998, which is the date the appeal from the denial of his petition for post-conviction relief was dismissed.

- Applying the prison mailbox rule, Mr. Catrabone's habeas petition can be considered to have been "filed" on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). This date was April 4, 2013.

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Mr. Catrabone's habeas petition was filed at least 15 years after the statute of limitations expired. Mr. Catrabone's request for authorization to file a successive petition for habeas petition did not toll the statute of limitations established by 28 U.S.C. 2244(d), because the limitations period had already expired prior to the filing of the second petition for post-conviction relief on May 2, 2012. Section 2244(d)(2) only "stops, but does not reset, the clock from ticking ... [and] cannot revive a time period that has already expired." *Sorce v. Artuz,* 73 F.Supp.2d at 294.

### D.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Mr. Catrabone has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mr. Catrabone has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Sam Catrabone
No. 27296
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064